Filed 2/28/14  P. v. Gordon CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM GORDON,<br><br>        Defendant and Appellant. | A138805<br><br>(San Mateo County<br>Super. Ct. No. SC035737) |

In this case, defendant, William Gordon, pled guilty to one count of robbery and admitted the firearm use enhancement attached to the count.  He did this in 1996.  He also admitted three prior convictions as strike priors.  Pursuant to the agreement, the remaining counts and enhancements were dismissed and he was sentenced to state prison for a term of 30 years.  On March 12, 2013, defendant filed a form petition for recall of sentence pursuant to Penal Code section 1170.126 (Proposition 36).[1]  Defendant obtained appointed counsel.  He then filed a motion for recall and resentencing under section 1170.126.  The new motion conceded defendant was ineligible for relief under Proposition 36 because the third strike was a robbery conviction.  Yet, defendant argued a categorical denial of relief under the statute amounted to a denial of equal protection under the federal and California Constitutions.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

On May 17, 2013, the court after a hearing denied the motion. This appeal was then timely filed.

Appellate counsel for defendant has made an independent review of the trial court proceedings. He has concluded no meritorious claims are presented for appeal. He has advised defendant of this conclusion and told Gordon he may file a supplemental pleading raising issues he believes merit appellate review. We have received a supplemental letter from defendant indicating his assessment of the matter. This letter was received on November 19, 2013. In it, Gordon acknowledges his past failures and indicates he has reassessed the need to become a more responsible member of society. To attain this goal, defendant plans on attending academic classes and counseling to provide better control over his life plans.

Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 119 and *People v. Wende* (1979) 25 Cal.3d 436, counsel has asked us to conduct an independent review of the record. We have done this review and find no issues meriting further appellate consideration.

STATEMENT OF THE CASE

An information was filed on January 20, 1995 in San Mateo Superior Court charging defendant with three counts of robbery (§ 212.5) and firearm use allegations (§ 12022.5, subd. (a)), one count of attempted robbery with a firearm use, and two counts of aggravated assault (§ 245, subd. (a)), vehicle theft (Veh. Code, § 10851, subd. (a)), resisting arrest (Pen. Code, § 148) providing false identification (§ 148.9, subd. (b), evading a police officer (Veh. Code, § 2800.3) and escape from jail (Pen. Code, § 4532, subd. (b)). The information alleged two prior robbery convictions and one prior attempted robbery conviction, all within the meaning of the three strikes law, as well as section 667, subdivision (a) and section 667.5, subdivision (b).

In a plea agreement, defendant pled guilty to one count of robbery and admitted the use of a firearm enhancement for that count. He also acknowledged three prior strike

convictions. The remaining counts and enhancements in the information were dismissed. The plea agreement entailed a prison sentence of 30 years to life.

On March 12, 2013, defendant filed a petition for recall of sentence under the new section 1170.126 or Proposition 36. In support of his petition, Gordon attached evidence of his good conduct and rehabilitation efforts. After obtaining the services of appointed trial counsel, defendant modified his Petition.

The hearing was held on May 17, 2013. Counsel contended the denial of Proposition 36 benefits to a prisoner sentenced before the passage of the reform denies Gordon his rights under the equal protection clause of the federal and California Constitutions.

The trial court denied the motion. In his ruling the trial court announced in part: "I'm going to assume for purposes of argument that he has done extremely well . . . in the prison system. [¶] But the three strikes law Prop. 36 is very clear as to who is entitled to seek relief and re-sentencing which is an extraordinary procedure. And it depends on the nature of that last offense. That being the case, I don't find there to be a violation of the equal protection provisions of the state and federal Constitutions. I find that was within the prerogatives of the People in passing the initiative to limit the remedy to a certain type of offender. [¶] So under those circumstances, I find that the defendant is not eligible for the relief under Prop. 36 and the motion to re-call and re-sentence is denied." W

DISCUSSION

The passage of Proposition 36 amended the three strikes law so that an indeterminate sentence of 25 years to life in prison is applied only where the "third strike" conviction is a serious or violent felony, or where the government alleges and proves other specific factors. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) This reform also added section 1170.126 which permitted inmates sentenced under the prior version of three strikes to petition for a recall of their sentence if they would not have

3

been sentenced to an indeterminate life sentence under these sentencing reforms. (§ 1170.126, subds. (a)–(b).) An inmate is now eligible for resentencing if the statutory criteria are satisfied, *including the requirement the current commitment offense is not a serious or violent felony.* (§ 1170.126, subd. (e).)

Currently, there is a split of appellate decision whether a trial court's eligibility determination under Proposition 36 and the legislation results in an appealable order. In *People v. Wortham* (2013) 220 Cal.App.4th 1018, 1021, review granted January 14, 2014, S214844, Division Four of this District concluded the trial court ruling results in appellate review because the initial decision involves a substantial right. The Third District in *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted December 18, 2013, S214264, concluded this trial court ruling does not affect the defendant's "substantial rights" under section 1237, subdivision (b). Hence there is no right to appeal. This general issue is currently before our Supreme Court.[2]

Here, we find this is no issue, even if the ruling is appealable. Section 1170.126, subdivision (b) provides the foundation for a trial court review under Proposition 36. "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious or violent felonies by subdivision (c) of section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . [t]o request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12 as those statutes have been amended by the [Reform Act.]" *However,* an inmate is not eligible for modification if he or she is

---

[2] The Supreme Court granted review on this issue in *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, July 31, 2013, S211708, and in *People v. Hardwood* (2013) 216 Cal.App.4th 941, July 13, 2013, S212017.

sentenced currently for a felony defined as serious and/or violent under subdivision (c) of section 667.5 or subdivision (c) of section 1192.7.

Under section 667.5, subdivision (c)(9) robbery is a violent felony. Under section 1192.7, subdivision (c)(19), robbery is a serious felony. Hence, the Legislature and the voters have precluded this defendant from any reconsideration of sentence based on Proposition 36 and its reforms.

Regarding the claim of Equal Protection, the decision to treat crimes distinctly as to sentencing consequences generally does not trigger a valid challenge. (See *People v. Floyd* (2003) 31 Cal.4th 179, 188 [treating those convicted of drug offenses differently based on the date of their conviction does not entail equal protection challenge]; *People v. Lynch* (2012) 209 Cal.App.4th 353, 359 [the benefits of Realignment Act of 2011 can be prospective only precluding relief for those convicted of the same offenses before passage].) With these cases in mind, it seems clear there is no equal protection issue where the Legislature and the voters have determined a person currently serving a sentence for a third strike cannot enjoy the benefits of Proposition 36. Appropriately, less serious prison inmates can realize benefits more serious offenders are precluded from experiencing.

DISPOSITION

We affirm the ruling of the trial court on the merits.

_____

Dondero, J.

We concur:

_____
Margulies, Acting P. J.

_____
Banke, J.